UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAOLO MORENO, an
individual; LAWRENCE VAVRA,
an individual; and GABRIEL
MORENO, an individual,

     Plaintiffs,

     v.

SFX ENTERTAINMENT, INC., a
Delaware corporation with
offices in California;
ROBERT F.X. SILLERMAN, an
individual; SHELDON FINKEL,
an individual

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV 14-880 RSWL (CWx)

**ORDER RE: DEFENDANTS'
MOTION TO DISMISS
TWELFTH AND THIRTEENTH
CLAIMS PURSUANT TO FED.
R. CIV. P. 12(b)(6) [14]
AND MOTION TO TRANSFER
CASE TO SOUTHERN
DISTRICT OF NEW YORK
PURSUANT TO 28 U.S.C. §
1404(a) [15]**

     Currently before the Court are Defendant Sheldon

Finkel's Motion to Dismiss Twelfth and Thirteenth

Claims Pursuant to Fed. R. Civ. P. 12(b)(6) [14] and

Defendants SFX Entertainment, Inc. ("SFX") and Robert

F.X. Sillerman's Motion to Transfer Case to Southern

District of New York Pursuant to 28 U.S.C. § 1404(a)

[15], both filed on April 2, 2014.  Plaintiffs Paolo

1

Moreno, Gabriel Moreno, and Lawrence Vavra (collectively, "Plaintiffs") filed Oppositions on May 2, 2014 [19, 20].  Defendants filed Replies to their respective Motions on May 16, 2014 [24, 25].  These matters were taken under submission on June 3, 2014 [29].  Having reviewed all papers and arguments submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendant Finkel's Motion to Dismiss and **DENIES** Defendants SFX and Sillerman's Motion to Transfer.

## I. BACKGROUND

Plaintiffs are experienced members of the electronic dance music ("EDM") community and are founders of Defendant SFX.  Compl. ¶¶ 9-11.  Plaintiffs spent nearly two years creating a business plan now known as Defendant SFX.  Id.  The global market for EDM has grown dramatically since 2009, prompting Plaintiffs to begin developing a business strategy to consolidate the industry in 2010 and 2011.  Id. at ¶¶ 15-16.

Defendant SFX is a Delaware corporation with its principal place of business in New York, New York.  Id. at ¶ 12.  Defendants Sillerman and Finkel are New York citizens.  Id. at ¶¶ 13-14.  Defendant Sillerman owns 57% and Defendant Finkel owns 2% of Defendant SFX.  Id. at ¶ 5.

In early January 2012, Plaintiffs and their colleague Donnie Estinopal met with Defendant Sillerman

2

to present a plan for a venture that would identify, acquire, consolidate, and operate assets in the EDM industry.  Id. at ¶ 2.  Specifically, on January 5, 2012, Plaintiff Paolo Moreno met with Defendants Sillerman and Finkel in Sillerman's office in New York City.  Id. at ¶ 20.  At this six-hour meeting, Defendant Sillerman represented that he would provide all necessary financing and Plaintiffs would negotiate and close deals.  Id.  In and after this meeting, Plaintiffs and Defendant Sillerman agreed to partner in a venture that is now known as Defendant SFX.  Id. at ¶ 2.  In the 72 hours after this meeting, Defendant Sillerman and Plaintiff Paolo Moreno exchanged emails wherein Plaintiffs were promised millions of "founders' shares," guaranteed annual stock options, and lucrative compensation packages.  Id. at ¶ 21.

Plaintiffs allege that they and Defendant Sillerman reached a deal that granted Plaintiffs millions of "founders' shares" in the enterprise along with options, cash compensation, and control of the company. Id. at ¶¶ 3, 20-26.  Plaintiffs contend that Defendant Sillerman never intended to honor the joint venture agreement.  Id. at ¶ 27.

Plaintiffs allege that following the formation of the venture, they performed their role.  Id. at ¶ 4. Plaintiffs worked full-time on the venture's behalf to close its most important and lucrative acquisitions, including seven of the eight principal assets

identified in Defendant SFX's S-1 Securities and Exchange Commission filing in support of its Initial Public Offering ("IPO"). <u>Id.</u> at ¶¶ 4, 30, 32-35.

Plaintiffs allege that although they inquired about formal documents memorializing their joint venture agreement with Defendant Sillerman, no such documents were forthcoming. <u>Id.</u> at ¶ 38. Instead, Defendants allegedly engaged in a pattern of evasion, delay, and deception to prevent the memorialization of the agreement and to avoid compensating Plaintiffs. <u>Id.</u> Defendant Sillerman also developed a corporate structure and IPO that would exclude Plaintiffs. <u>Id.</u> Ultimately, Defendants provided Plaintiffs with employment agreements providing for lower compensation than previously agreed and including onerous provisions. <u>Id.</u> at ¶ 40.

Plaintiffs filed their Complaint on February 5, 2014 [1]. Defendants SFX and Sillerman Answered on April 2, 2014 [12].

## II. LEGAL STANDARD

### A.  <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

1990).  However, a party is not required to state the legal basis for its claim, only the facts underlying it.  McCalden v. Cal. Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).  In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party.  Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

If dismissed, a court must then decide whether to

grant leave to amend.  The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.  Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

Before a court may transfer venue under 28 U.S.C. § 1404, it must find that: (i) the action is one that might have been brought in the transferee court and (ii) the convenience of the parties and the interest of justice favor the transfer.  Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1112 (C.D. Cal. 1999) (citing Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985)).  Transfer under § 1404(a) is discretionary.  A.J. Indus. v. U.S. Dist. Court for Cent. Dist. lf Cal., 503 F.2d 384, 389 (9th Cir. 1974). The purpose of § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van Dusen v. Darrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge

1    FBL-585, 364 U.S. 19, 26-27 (1960)).

2         An action is one that might have been brought in

3    the transferee court when (i) the transferee court

4    would have had subject matter jurisdiction at the time

5    the action was filed; (ii) defendants would have been

6    subject to personal jurisdiction; and (iii) venue would

7    have been proper.  E. & J. Gallo Winery v. F. & P.

8    S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994) (citing

9    Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)).

10        In determining whether the convenience of the

11   parties and the interest of justice favor transfer, the

12   court should consider certain factors, including:

13        (1) the location where the relevant agreements

14        were negotiated and executed, (2) the state that

15        is most familiar with the governing law, (3) the

16        plaintiff's choice of forum, (4) the respective

17        parties' contacts with the forum, (5) the

18        contacts relating to the plaintiff's cause of

19        action in the chosen forum, (6) the differences

20        in the costs of litigation in the two forums,

21        (7) the availability of compulsory process to

22        compel attendance of unwilling non-party

23        witnesses, and (8) the ease of access to sources

24        of proof.

25   Jones v. GNC Franchising, 211 F.3d 495, 498-99 (9th

26   Cir. 2000); see also Sec. Investor Prot. Corp. v.

27   Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).

28        The burden is on the moving party to demonstrate

7

1   that the balance of these factors favors the transfer.

2   <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d

3   270, 279 (9th Cir. 1986); <u>Pfeiffer v. Himax Techs.,</u>

4   <u>Inc.</u>, 530 F. Supp. 2d 1121, 1123 (C.D. Cal. 2008);

5   <u>Florens Container v. Cho Yang Shipping</u>, 245 F. Supp. 2d

6   1086, 1089 (N.D. Cal. 2002).  A transfer of venue is

7   not appropriate unless the factors enumerated strongly

8   favor venue elsewhere.  <u>Pac. Car & Foundry v. Pence</u>,

9   403 F.2d 949, 953 (9th Cir. 1968).  "The defendant must

10  make a strong showing of inconvenience to warrant

11  upsetting the plaintiff's choice of forum."  <u>Decker</u>

12  <u>Coal v. Commonwealth Edison</u>, 805 F.2d 834, 843 (9th

13  Cir. 1986).

14                      **III. DISCUSSION**

15  **A.  Defendant Finkel's Motion to Dismiss**

16       Plaintiffs allege claims for breach of fiduciary

17  duty and interference with prospective economic

18  advantage against Defendant Finkel.  Compl. ¶¶ 123-36.

19  Defendant Finkel moves to dismiss these claims,

20  asserting that Plaintiffs fail to plead a basis for a

21  fiduciary relationship between them and Finkel and

22  allege no actionable interference or independently

23  wrongful conduct.  Mot. to Dismiss 1:11-14.

24       1.  <u>Twelfth Claim for Breach of Fiduciary Duty</u>

25       Plaintiffs assert that, as their agent, Defendant

26  Finkel owed them a fiduciary duty and that he failed to

27  act in their interest by convincing Plaintiffs to forgo

28  other business relationships and to partner with

1  Defendant Sillerman.   Compl. ¶¶ 125-27.

2      Under California law, "[t]he elements of a claim

3  for breach of fiduciary duty are (1) the existence of a

4  fiduciary relationship, (2) its breach, and (3) damage

5  proximately caused by that breach." <u>Love v. The Mail</u>

6  <u>on Sunday</u>, 489 F. Supp. 2d 1100, 1104 (C.D. Cal. 2007)

7  (citing <u>City of Atascadero v. Merrill Lynch, Pierce,</u>

8  <u>Fenner & Smith, Inc.</u>, 68 Cal. App. 4th 445, 483

9  (1998)); <u>Knox v. Dean</u>, 205 Cal. App. 4th 417, 433

10  (2012).   "The very meaning of being an agent is

11  assuming fiduciary duties to one's principal." <u>Chem.</u>

12  <u>Bank v. Sec. Pac. Nat'l Bank</u>, 20 F.3d 375, 377 (9th

13  Cir. 1994) (citing Restatement (Second) of Agency §

14  1(1)); <u>Recorded Picture Co. v. Nelson Entm't, Inc.</u>, 53

15  Cal. App. 4th 350, 369-70 (1997).

16      An agent is defined as "one who represents another,

17  called the principal, in dealings with third persons."

18  Cal. Civ. Code § 2295.   "A principal-agent relationship

19  exists if an agent or apparent agent holds the power to

20  alter the relations between the principal and third

21  persons, if an agent is a fiduciary, or if the

22  principal has the right to control the conduct of the

23  agent with matters entrusted to him." <u>Wallis v.</u>

24  <u>Centennial Ins. Co., Inc.</u>, 927 F. Supp. 2d 909, 916

25  (citing <u>Garlock Sealing Techs., LLC v. NAK Sealing</u>

26  <u>Techs. Corp.</u>, 148 Cal. App. 4th 937, 964 (2007)).

27      "A critical factor in determining the existence of

28  an agency relationship is the degree of control

9

exercised by the principal over the agent." <u>Figi</u>
<u>Graphics, Inc. v. Dollar Gen. Corp.</u>, 33 F. Supp. 2d
1263, 1266 (S.D. Cal. 1998) (citing <u>In re Coupon</u>
<u>Clearing Serv., Inc.</u>, 113 F.3d 1091, 1099-1100 (9th
Cir. 1997)).   In <u>Figi Graphics</u>, the court found that an
agency relationship did not exist between a defendant
and a third party even though the third party was
listed as an "agent" of the defendant on order forms,
because the plaintiff did not plead facts demonstrating
that the defendant had the "right to control" the third
party's day-to-day activities, such as deciding where
the third party found its products to import, what
types of products to buy, who it bought the products
from, or how much it paid.   <u>Id.</u> at 1266-67.

Here, Plaintiffs allege only that Defendant Finkel
agreed to "engage with third parties on Plaintiffs'
behalf" to "help them partner with the right investor."
Compl. ¶ 125.   Plaintiffs fail to allege that they had
any sort of right to control Defendant Finkel's conduct
in this capacity.   For example, Plaintiffs do not
allege that they could control who Defendant Finkel met
or on what terms he would approach potential investors.
As such, Plaintiffs fail to allege a crucial element
for the existence of an agency relationship.

Plaintiffs also fail to plead facts showing that
Defendant Finkel had the authority to alter legal
relations between Plaintiffs and third parties.
Plaintiffs merely allege that Defendant Finkel was

10

1  "authorized" to "work on their behalf."  Compl. ¶ 19.
2  Defendant Finkel's alleged ability to "engage" with
3  others and "facilitate" the funding of Plaintiffs'
4  business plan does not suggest that he had the power to
5  make legally-binding agreements for Plaintiffs on his
6  own.  Id. at ¶ 125.  Plaintiffs also fail to plead
7  facts showing that Defendant Finkel had power to bring
8  Plaintiffs into legal relations with third parties.

9      The Court is not persuaded by Plaintiffs'
10  contention that Defendant Finkel became their agent
11  because Plaintiffs "entrusted him with confidential
12  information about their business strategy . . . to
13  enable him to perform his duties."  Id. at ¶ 125.  An
14  agency or fiduciary relationship does not arise simply
15  because confidential information is transmitted between
16  the parties.  See Nwabueze v. AT&T Inc., No. C 09-1529
17  SI, 2011 WL 332473, at *20 (N.D. Cal. Jan. 29, 2011);
18  Parrish v. Nat'l Football League Players Ass'n, 534 F.
19  Supp. 2d 1081, 1097 (N.D. Cal. 2007) (citing Oakland
20  Raiders v. Nat'l Football League, 131 Cal. App. 4th
21  621, 633-34 (2005)).  Without more, Plaintiffs'
22  assertion that Defendant Finkel received confidential
23  information during the course of the relationship does
24  not indicate an agency relationship existed.

25      The Court finds that it is possible, however, for
26  Plaintiffs to cure their claim by pleading additional
27  facts.  Lopez, 203 F.3d at 1130.  As such, the Court
28  **GRANTS** Defendant's Motion and dismisses Plaintiffs'

twelfth claim for breach of fiduciary duty **with leave to amend.**

  2. <u>Thirteenth Claim for Interference With Prospective Economic Advantage</u>

  Plaintiffs also bring a claim for interference with prospective economic advantage against Defendant Finkel on the basis that Finkel took advantage of Plaintiffs' confidential information to convince Plaintiffs to abandon a potentially valuable relationship with a prior investor and enter into a partnership with Defendant Sillerman.  Compl. ¶¶ 131-35.

  An interference claim arises when a defendant intentionally acts to disrupt an existing relationship with a high probability of economic benefit to a plaintiff and as a result the plaintiff suffers economic harm.  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153 (2003).  To state a claim for interference with prospective economic advantage, a plaintiff must show:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the acts of the

defendant.

Id. at 1153 (quoting Westside Center Assocs. v. Safeway Stores 23, Inc., 42 Cal. App. 4th 507, 521-22 (1996)). A plaintiff must show that the defendant's conduct was independently wrongful "by some legal measure other than the fact of interference itself." Id.

The Parties contest the "independent wrongfulness" of Defendant Finkel's actions.  Mot. to Dismiss 9:9-16.

Conduct is independently wrongful when it is "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." Korea Supply, 29 Cal. 4th at 1159; Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc., 138 Cal. App. 4th 1215, 1221-22 (2006).

Plaintiffs contend that Defendant Finkel's conduct was independently wrongful because Finkel (1) breached his fiduciary duties to Plaintiffs and (2) misrepresented his intent to act as Plaintiffs' agent while conspiring with Defendant Sillerman to convince Plaintiffs to enter into a deal with Sillerman.  Opp'n to Mot. to Dismiss 15:9-14.

To the extent that Plaintiffs rely on the breach of fiduciary duty as the basis for their interference claim, that argument is foreclosed by their failure to state such a claim.  As stated *supra*, Plaintiffs have not pleaded facts showing that Defendant Finkel was their agent - and thus fiduciary.

13

1    Plaintiffs also argue that their interference claim
2  is sufficiently pled because they allege that Defendant
3  Finkel wrongfully misrepresented his intent to act as
4  their agent.  Opp'n to Mot. to Dismiss 17:27-18:3.
5    Claims of misrepresentation, however, must be
6  "plead with particularity" pursuant to Fed. R. Civ. P.
7  9(b).  See Vess v. Ciba-Geigy Corp, USA, 317 F.3d 1097,
8  1104-05 (9th Cir. 2003) (holding that allegations of
9  fraudulent conduct must satisfy Rule 9(b)'s heightened
10 pleading standard even when fraud is not an essential
11 element of the claim).  Here, Plaintiffs allege that
12 Defendant Finkel "convinced" and "enticed" Plaintiffs
13 to meet and partner with Defendant Sillerman and that
14 Defendant Finkel made "promises" to them.  Compl. ¶¶
15 133-34.  However, they have not identified any false
16 statements that Defendant Finkel knowingly made
17 regarding their partnership with Defendant Sillerman.
18 Thus, Plaintiffs have failed to plead with
19 particularity sufficient facts about the circumstances
20 constituting Defendant Finkel's alleged
21 misrepresentations.
22    Thus, because Plaintiffs have not alleged any
23 independently wrongful conduct by Defendant Finkel, the
24 Court dismisses Plaintiffs' thirteenth claim.
25    The Court allows Plaintiffs leave to amend,
26 however, as it finds that Plaintiffs could possibly
27 cure their claim by pleading additional facts.  Lopez,
28 203 F.3d at 1130.  Accordingly, the Court **GRANTS**

Defendant Finkel's Motion and dismisses Plaintiffs' thirteenth claim for interference **with leave to amend.**

**B.    Defendants SFX and Sillermans' Motion to Transfer**

"District courts use a two-step analysis to determine whether a transfer is proper.  The threshold question under Section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought."  Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010) (citing 28 U.S.C. § 1404(a); Hatch, 758 F.2d at 414).  "If venue would be appropriate in the would-be transferee court, then the court must make an 'individualized, case-by-case consideration of convenience and fairness.'"  Id. (quoting Jones, 211 F.3d at 498).

Defendants seek to transfer this case to the Southern District of New York ("SDNY").  Mot. to Transfer 1:3-15.  Plaintiffs oppose and seek to keep this Action in the Central District of California ("CACD").  Opp'n to Mot. to Transfer 1:12-14.

1.   Action Could Have Been Brought in the SDNY

As a threshold inquiry, this Court first determines if this Action could have originally been brought in the SDNY.  See 28 U.S.C. § 1404(a).  The Court must find whether the SDNY would have had subject matter jurisdiction at the time the action was filed, the Defendants would have been subject to personal jurisdiction there, and venue would have been proper.

15

1  E. & J. Gallo Winery, 899 F. Supp. at 466.

2      Complete diversity exists as Plaintiffs are

3  citizens of California, Defendants Sillerman and Finkel

4  are citizens of New York, and Defendant SFX is a

5  Delaware corporate with its principal place of business

6  in New York.  Compl. ¶ 7.  Plaintiffs seek relief in an

7  amount greater than $75,000.  Id.  Such is enough to

8  establish subject matter jurisdiction based on

9  diversity of citizenship.  28 U.S.C. § 1332(a)(1).

10     As Defendant SFX's principal place of business is

11  in New York and Defendants Sillerman and Finkel are

12  citizens of New York, all Defendants are subject to

13  personal jurisdiction in New York.  Compl. ¶¶ 12-14.

14     Venue would have been proper in the SDNY.  A civil

15  action may be brought in "a judicial district in which

16  any defendant resides, if all defendants are residents

17  of the State in which the district is located."  28

18  U.S.C. § 1391(b)(1).  Defendants Sillerman and Finkel

19  are both domiciled in New York (Sillerman Decl. ¶¶ 1,

20  14), and reside there for venue purposes (28 U.S.C. §

21  1391(c)(1)).  Defendant SFX has its principal place of

22  business in the SDNY (Sillerman Decl. ¶ 4), meaning

23  that it resides there for venue purposes (28 U.S.C. §

24  1391(c)(2)).  As Defendant SFX resides in the SDNY and

25  Defendants Sillerman and Finkel reside in New York

26  State, venue would have been proper in the SDNY.

27     The Court finds that this Action could have

28  originally been brought in the SDNY.  As such, the

Court turns to the next inquiry: whether considerations
of convenience and fairness warrant transfer.  See Park
v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088,
1093 (N.D. Cal. 2013) (quoting Stewart Org., Inc. v.
Ricoh Corp., 487 U.S. 22, 29 (1988)).

> ### 2.   Convenience and Fairness Do Not Warrant a Transfer to the SDNY

"Pursuant to Section 1404(a), a court should
consider: (1) the convenience of the parties, (2) the
convenience of the witnesses, and (3) the interest of
justice."  Park, 964 F. Supp. 2d at 1093 (citing 28
U.S.C. § 1404(a)).  Other factors may be considered,
including:

> (1) the location where the relevant agreements
> were negotiated and executed, (2) the state that
> is most familiar with the governing law, (3) the
> plaintiff's choice of forum, (4) the respective
> parties' contacts with the forum, (5) the
> contacts relating to the plaintiff's cause of
> action in the chosen forum, (6) the differences
> in the costs of litigation in the two forums,
> (7) the availability of compulsory process to
> compel attendance of unwilling non-party
> witnesses, and (8) the ease of access to sources
> of proof.

Jones, 211 F.3d at 498-99.

> #### a.   *Convenience of the Parties*

The convenience of the Parties weighs against

transfer.   Plaintiffs would face financial hardship if
forced to litigate in New York.   Paolo Moreno Decl. ¶
4; Gabriel Moreno Decl. ¶ 4; Vavra Decl. ¶ 4.   There is
also a significant disparity in the resources available
to Plaintiffs and to Defendants as Plaintiffs are
individual entrepreneurs while Defendant SFX is a
large, financially sound corporation.   <u>See</u> Paolo Moreno
Decl. ¶ 4; Gabriel Moreno Decl. ¶ 4; Vavra Decl. ¶ 4;
Compl. ¶ 1; <u>see also</u> SFX Entm't, Inc., Quarterly Report
(Form 10-Q) (May 15, 2014) (Defendant SFX's most recent
quarterly report indicates that as of March 31, 2014,
Defendant SFX had $694,709,000 in total assets)[1].   As
such, the convenience of the Parties weighs against
transfer.   <u>Allstar Mktg. Grp.</u>, 666 F. Supp. 2d at 1132
(quoting <u>Hernandez v. Graebel Van Lines</u>, 761 F. Supp.
983, 989 (E.D.N.Y. 1991)) ("[W]here a disparity between
the parties exists, such as an individual plaintiff
suing a large corporation, the court may also consider
the relative means of the parties in determining
whether to transfer.").

     The Parties' respective contacts with the CACD also
weighs against transfer.   The CACD is Plaintiffs' home
forum.   <u>See</u> Gabriel Moreno Decl. ¶ 3; Paolo Moreno
Decl. ¶ 3; Lawrence Vavra Decl. ¶ 3.   Defendant SFX
also appears to have some contacts with the CACD.   <u>See</u>

---

     [1] Federal Rule of Evidence 201 permits a court to "take
judicial notice on its own."   SEC filings are judicially
noticeable public records.   <u>Plevy v. Haggerty</u>, 38 F. Supp. 2d
816, 821 (C.D. Cal. 1998).

Opp'n to Mot. to Transfer Ex. A (a printout of
Defendant SFX's LinkedIn profile stating that SFX is
"[b]ased in New York, Los Angeles, and various cities
around the world"). The Court thus finds that this
factor weighs against transferring the case.

Likewise, the contacts relating to Plaintiffs'
causes of action weigh against transfer. Defendants
note that the Parties negotiated the underlying
agreement in New York. Mot. to Transfer 9:8-10:5.
However, this fact is firmly addressed, *infra*, under
the first <u>Jones</u> factor and the Court declines to
consider it twice. See <u>Nat'l Union Fire Ins. Co. of
Pittsburgh, PA v. Simpson Mfg. Co.</u>, 829 F. Supp. 2d
914, 929 (D. Haw. 2011). Moreover, Plaintiffs argue
that this judicial district has a substantial
connection to their claims because Plaintiffs
negotiated the acquisition of many of Defendant SFX's
investments in Los Angeles and received many of
Defendant Sillerman's allegedly fraudulent
communications in Los Angeles. Opp'n to Mot. to
Transfer 16:19-18:3 (citing Vavra Decl. ¶¶ 6, 8-11;
Paolo Moreno Decl. ¶¶ 7, 9, Ex B; Gabriel Moreno Decl.
¶¶ 7-8, Ex. A). Plaintiffs have thus shown that at
least some of the allegedly harmful acts occurred in
this judicial district, therefore weighing against
transfer. See <u>In re Ferrero Litig.</u>, 768 F. Supp. 2d
1074, 1079 (S.D. Cal. 2011) (citing <u>Rafton v. Rydex
Series Funds</u>, No. C. 10-1171 CRB, 2010 WL 2629579, at

19

*3 (N.D. Cal. June 29, 2010)) (denying transfer to New Jersey even though the defendant's alleged misrepresentations and omissions may have occurred in New Jersey, the plaintiffs' reliance upon those statements occurred in California).  As Plaintiffs have shown that they relied upon alleged misrepresentations in this judicial district, the Court finds that this factor weighs toward retaining the case.

     b. *Convenience of the Witnesses*

  "The convenience of witnesses is often the most important factor in determining whether a transfer pursuant to § 1404 is appropriate." <u>Amini Innovation Corp. v. JS Imports, Inc.</u>, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007).  Because party and employee witnesses may be compelled to testify regardless of forum, courts accord less weight to their inconvenience.  <u>Allstar Mktg. Grp.</u>, 666 F. Supp. 2d at 1132; <u>see also</u> <u>Hawkins v. Gerber Prods. Co.</u>, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) ("primary consideration is given to third party witnesses as opposed to employee witnesses").

  Defendants contend that material witnesses are located in or closer to New York.  Mot. to Transfer 8:22-9:7.  Specifically, Defendants state that Defendants Sillerman and Finkel, and witnesses Mitchell Nelson and Mitchell Slater are based in New York.  Sillerman Decl. ¶ 14.  Defendants also note that Donnie Estopinal, another witness, resides in Puerto Rico.  <u>Id.</u> at ¶ 17.  These witnesses, Defendants contend, will

1  testify regarding the negotiation of the alleged
2  underlying agreement and on whose idea it was to
3  acquire Disco Donnie Presents and Dayglow, some of
4  Defendant SFX's core assets.  <u>Id.</u> at ¶¶ 14, 16.
5  Defendants also suggest that several non-party investor
6  witnesses based in New York will testify on the
7  recapitalization of Defendant SFX.  <u>Id.</u> at ¶ 19.

8      Defendants Sillerman and Finkel are both parties to
9  this Action and their inconvenience is accorded less
10  weight.  Similarly, Messrs. Slater and Nelson are
11  employed by Defendant SFX and their inconvenience is
12  given less weight.  Sillerman Decl. ¶¶ 11-12.
13  Furthermore, not only is Mr. Estinopal the principal of
14  one of Defendant SFX's companies (<u>id.</u> at ¶¶ 16-17), but
15  he also resides in Puerto Rico (<u>id.</u> at ¶ 17), meaning
16  that he would be inconvenienced no matter where this
17  case is litigated.  Because they are employees or
18  parties, the Court discounts any inconvenience to
19  Defendants' named witnesses.

20      "'The movant is obligated to clearly specify the
21  key witnesses to be called and make at least a
22  generalized statement of what their testimony would
23  have included.'"  <u>Amini Innovation Corp.</u>, 497 F. Supp.
24  2d at 1111 (quoting <u>Fireman's Fund Ins. Co. v. Nat'l</u>
25  <u>Bank for Cooperatives</u>, No. C 92-2667 BAC, 1993 WL
26  341274, at *4 (N.D. Cal. Aug. 27, 1993)).  Defendants'
27  allusions to "[t]he principals of Dayglow" and to
28  "outside investors who participated in the final

21

capitalization of the company" are insufficient to
support their Motion.  Sillerman Decl. ¶¶ 18-19.
Defendants "must name the witnesses, state their
location, and explain their testimony and its
relevance" and have failed to do so for these
witnesses.  Costco Wholesale Corp., 472 F. Supp. 2d at
1193 (citing Carolina Cas. Co. v. Data Broad. Corp.,
158 F. Supp. 2d 1044, 1049 (N.D. Cal. 2001); Williams
v. Bowman, 157 F. Supp. 2d 1103, 1108 (N.D. Cal.
2001))[2].  Thus, Defendants have failed to meet their
burden in showing inconvenience to their witnesses.

Plaintiffs, in contrast, identify five non-party
witnesses located in the CACD, Ronald Burkle, Billy
Keane, Frank Quintero, Gary Richards, and Rick Stevens,
who are expected to testify on Plaintiffs' business
plan, their interaction with investors prior to meeting
with Defendant Sillerman, and their work on behalf of
Defendant SFX.  Vavra Decl. ¶ 12.  Plaintiffs' detailed
and substantial list of relevant non-party witnesses
weighs against transfer.[3]  See Florens Container v. Cho

---

[2] Contrary to Defendants' assertion, the court in Costco
Wholesale Corp. explicitly held that the defendant's unnamed
witnesses could not be considered "because defendant failed to
identify them."  472 F. Supp. 2d at 1193.  The court was "also
unpersuaded that these unnamed witnesses would offer relevant
testimony."  Id. (emphasis added).

[3] Defendants' argument that several of Plaintiffs' proffered
witnesses are unnecessary (Reply to Mot. to Transfer 5:1-17) does
have some weight as the Court has granted Defendant Finkel's
Motion to Dismiss.  Even allowing for that, Defendants have still
failed to sufficiently identify any non-party witnesses who will
be inconvenienced without a transfer to the SDNY.

Yang Shipping, 245 F. Supp. 2d 1086, 1093 (N.D. Cal. 2002) (denying transfer motion where plaintiff provided a persuasive account of who its witnesses were, where they were located, and why their testimony was relevant when defendants offered no such account and simply stated that their witnesses resided elsewhere).

Because Defendants fail to sufficiently identify any non-party witnesses who would be inconvenienced if this Action were not transferred and Plaintiffs present a detailed list of such witnesses, the Court finds that Defendants have failed to meet their burden in showing the inconvenience to their witnesses. The convenience of the witnesses weighs against transfer.

The Court finds further support in the fact that Defendants fail to name any non-party witnesses who would be subject to compulsory process in New York. Jones, 211 F.3d at 498-99. Beyond the fact that their testimony likely could be compelled as employees of Defendant SFX (Allstar Mktg. Grp., 666 F. Supp. 2d at 1132), Mr. Estinopal and the principals of Dayglow also reside outside of the SDNY (Sillerman Decl. ¶¶ 17-18) and would not be subject to compulsory process there (Fed. R. Civ. P. 45(b)(2)). Plaintiffs, on the other hand, do name non-party witnesses residing in the CACD whose testimony would likely require compulsory process. Vavra Decl. ¶ 12.

c.   *Other Convenience Factors*

The agreement underlying this Action was negotiated

23

in New York (Compl. ¶ 20; Sillerman Decl. ¶¶ 11-13),
thus weighing in favor of transfer.  The remaining
Jones factors weigh against transfer or are neutral.

Plaintiffs argue that this Court is more familiar
with the governing law because their claims are all
brought under California law.  See Opp'n to Mot. to
Transfer 19:5-20:4.  Defendants aver that this factor
is neutral because those claims sound in common law.
Mot. to Transfer 10:19-11:15.  This diversity case
arises in California, meaning that California law
applies.  Allstate Ins. Co. v. Smith, 929 F.2d 447, 449
(9th Cir. 1991).  Plaintiffs plead numerous contract,
tort, and California statutory claims.  See Compl. ¶¶
45-136.  Where California law applies to a plaintiff's
claim, a federal court located in California is more
familiar with California law.  See In re Ferrero
Litig., 768 F. Supp. at 1081 (finding factor weighed
against transfer where plaintiffs brought California
statutory and breach of warranty claims); Getz v.
Boeing Co., 547 F. Supp. 2d 1080, 1085 (N.D. Cal.
2008).  This factor thus weighs against transfer.

Ordinarily, a "defendant must make a strong showing
of inconvenience to warrant upsetting the plaintiff's
choice of forum."  Decker Coal, 805 F.2d at 843 (citing
Mizokami Bros. of Ariz. v. Mobay Chem. Corp., 660 F.2d
712, 718 (8th Cir. 1981)).  In other words, "a
plaintiff's choice of venue is generally accorded
deference."  Allstar Mktg. Grp., LLC v. Your Store

24

1  Online, LLC, 666 F. Supp. 2d 1109, 1131 (C.D. Cal.
2  2009).   Here, Plaintiffs have chosen to sue in their
3  home forum.   See Gabriel Moreno Decl. ¶ 3; Paolo Moreno
4  Decl. ¶ 3; Lawrence Vavra Decl. ¶ 3.   As such, their
5  choice of forum is afforded substantial weight and
6  weighs against transfer.   See In re Ferrero Litig., 768
7  F. Supp. 2d at 1078 (citing Piper Aircraft Co. v.
8  Reyno, 454 U.S. 235, 256 (1981)).

9      Defendants concede that the sixth Jones factor is
10  neutral.   Mot. to Transfer 10:17-18.

11      Defendants argue that New York offers a greater
12  ease of access to sources of proof.   Mot. to Transfer
13  10:6-11.   Plaintiffs argue that Defendants have not met
14  their burden on this point.   Opp'n to Mot. to Transfer
15  22:1-23:11.   Even if the majority of documents
16  pertaining to the recapitalization of Defendant SFX
17  were located in New York, Defendants offer no reason
18  why this fact would impose a significant burden on
19  their litigation in this judicial district.   "With
20  technological advances in document storage and
21  retrieval, transporting documents does not generally
22  create a burden."   Van Slyke v. Capital One Bank, 503
23  F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) (citing Vitria
24  Tech. Inc. v. Cincinnati Ins. Co., No. C 05-01951 JW,
25  2005 WL 2431192, at *5 (N.D. Cal. Sept. 30, 2005)).
26  Accordingly, the Court finds that this factor does not
27  weigh in favor of transfer.

28          d.   Conclusion

25

The Court finds that the vast majority of convenience factors weighs against transfer. Defendants have not met their heavy burden in showing that "the convenience of parties and witnesses, [or] the interest of justice" requires the transfer of this Action.  28 U.S.C. § 1404(a); <u>Allstar Mktg. Grp.</u>, 666 F. Supp. 2d at 1131 (quoting <u>STX, Inc. v. Trik Stik, Inc.</u>, 708 F. Supp. 1551, 1555-56 (N.D. Cal. 1988)). Therefore, the Court **DENIES** Defendants' Motion to Transfer.

### IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendant Finkel's Motion to Dismiss [14] and **DISMISSES** Plaintiffs' twelfth and thirteenth claims with **twenty days leave to amend** and **DENIES** Defendants SFX and Sillerman's Motion to Transfer [15].

**IT IS SO ORDERED.**

DATED: August 1, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

26